UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-03-21-B-W |
| | ) | |
| ROBERT QUIRION | ) | |

**ORDER ON MOTION FOR REDUCTION OF SENTENCE**

Robert Quirion moves to reduce his sentence, urging the Court to retroactively apply to the guideline calculation for his sentence a newly promulgated sentencing amendment, which changed the analysis for counting prior convictions for purposes of Career Offender status. Concluding that the amendment does not apply retroactively to a sentence that had become final before the effective date of the amendment, the Court denies his motion.

**I.      PROCEDURAL HISTORY**

On January 8, 2004, Robert Quirion pleaded guilty to a one count Indictment charging him with taking by force, violence, and intimidation approximately $700 from the Skowhegan Savings Bank, a violation of 18 U.S.C. § 2113(a). *Indictment* (Docket # 1); *Minute Entry* (Docket # 46). On the same date, the Court determined that Mr. Quirion's prior convictions[1] qualified him as a Career Offender under U.S.S.G. § 4B1.1, and sentenced him to 210 months imprisonment. *Judgment* (Docket # 50). On May 11, 2009, Mr. Quirion filed the pending *pro se* motion for reduction of sentence. *Mot. for Reduction of Sentence Pursuant to Amend. to United States Sentencing Guidelines* (Docket # 55). The Government responded on May 29, 2009.

---

[1] On January 23, 1992, a federal grand jury sitting in Maine indicted Mr. Quirion for one count of bank robbery, one count of making a false statement in connection with the purchase of a firearm, and one count of being a felon in possession of a firearm. On December 10, 1992, a federal grand jury sitting in New Jersey indicted Mr. Quirion for one count of bank robbery. On August 11, 1993, Mr. Quirion was sentenced on all four counts. *See Gov't's Mem. in Aid of Sentencing* at 1-2 (Docket # 28).

*Gov't's Resp. to Def.'s Mot. to Reduce Sentence* (Docket # 56) (*Gov't's Resp.*).   Mr. Quirion

replied on June 22, 2009.   *Reply to Gov't's Opp'n of Def. Quirion's Mot. for Reduction of*

*Sentence* (Docket # 59).

## II.   DISCUSSION

Mr. Quirion argues that his sentence should be reduced pursuant to Sentencing Guideline

Amendment 709 (effective November 1, 2007).   In relevant part, Amendment 709 revised the

manner in which multiple prior sentences are counted for the purposes of calculating a

defendant's criminal history under § 4A1.2(a)(2).   U.S.S.G., Supp. to App. C, Amendment 709;

*United States v. Ahrendt*, 560 F.3d 69, 78-79 (1st Cir. 2009).   Previously, whether past sentences

were counted separately or collectively depended on an evaluation of their relatedness.   *Id.*   To

simplify and promote consistency, the relatedness analysis was replaced by an inquiry into

whether prior sentences were "single" or "separate."   *Id.*   Under the new regime, if prior

sentences are for offenses not separated by an intervening arrest, the sentences are to be counted

separately unless the sentences (1) were for offenses that were named in the same charging

document, or (2) were imposed on the same day.   *Id.*   In Mr. Quirion's case, because his prior

sentences were not separated by an intervening arrest and were imposed on the same day, had he

been sentenced after the effective date of the Amendment 709, he would not have been sentenced

as a Career Offender.

The Court's authority to modify an imposed term of imprisonment is narrowly

circumscribed.   *See United States v. Caraballo*, 552 F.3d 6, 9 (1st Cir. 2008) ("Finality is an

important attribute of judgments and, typically, once a pronounced sentence in a criminal case

becomes final and unappealable, it may not be modified.").   Under 18 U.S.C. § 3582(c)(2), in the

case of a defendant who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered, the court may reduce the term of imprisonment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See United States v. Fanfan*, 558 F.3d 105, 107 (1st Cir. 2009) (noting that 18 U.S.C. § 3582(c)(2) "acts as a limited exception to the final judgment rule").  The guidelines include a policy statement allowing for reduction in a term of imprisonment as a result of an amended guideline range in certain circumstances. *See* U.S.S.G. § 1B1.10.  If an amendment is listed in § 1B1.10(c), then the amendment is retroactive and a defendant is permitted to move for a reduction in sentence under 18 U.S.C. § 3582(c)(2).  *Ahrendt*, 560 F.3d at 78 n.7.  If not so listed, then the amendment is non-retroactive and a reduction is not authorized.  *See* U.S.S.G. § 1B1.10(a)(2); *United States v. Godin*, 522 F.3d 133, 135 (1st Cir. 2008) ("The Sentencing Commission's decision not to make the amendment retroactive means the defendant is not entitled, under the procedure set forth in 18 U.S.C. § 3582(c)(2), to further proceedings in which the district court, even in the case of a sentence that has become final, may choose to adjust the sentence employing the more lenient amendment to calculate the guideline range.").  Amendment 709 is not listed in § 1B1.10(c); it is therefore non-retroactive, and consequently reduction is not authorized. *Ahrendt*, 560 F.3d at 79.

An alternate basis for resentencing exists in some situations:  "a non-retroactive amendment could trigger a remand if that amendment is deemed 'clarifying' rather than 'substantive.'" *Ahrendt*, 560 F.3d at 79; *Godin*, 522 F.3d at 135.  However, the First Circuit has instructed that Amendment 709 is "substantive."  *Id.*  The First Circuit closed the door on another possible argument, concluding that the Supreme Court's decision in *Booker* has not expanded a district court's authority under 18 U.S.C. § 3582(c)(2).  *See Caraballo*, 552 F.3d at 10.

Despite the non-retroactive, substantive nature of Amendment 709, in both *Godin* and *Ahrendt* the First Circuit remanded for resentencing in light of the amendment. The Court agrees with the Government, however, that these cases are distinguishable from Mr. Quirion's case, and do not expand a district court's resentencing authority under 18 U.S.C. § 3582(c)(2) to include all matters adjudicated under the pre-Amendment 709 regime. *See Gov't's Resp.* at 3. *Godin* and *Ahrendt* were pending on direct appeal when Amendment 709 became effective, and in both cases the First Circuit remarked upon this particular setting in explaining the decision to remand. *Godin*, 522 F.3d at 135 (noting that "the posture of this case is peculiar:  the amendment is not applicable retroactively, but neither has the pending appeal yet resulted in a final disposition"); *Ahrendt*, 560 F.3d at 80 (noting that "in [*Godin*] we emphasized the posture of the case in explaining our decision to remand," observing that "the posture of this case is the same," and concluding that "given the similarities between this case and [*Godin*], we think a remand is justified"). In contrast, Mr. Quirion did not file a direct appeal of his conviction, and his sentence was final for several years before Amendment 709 became effective on November 1, 2007.[2]   The *Godin* and *Ahrendt* cases are unique to their facts and do not authorize the application of a non-retroactive sentencing guideline amendment to a final sentencing judgment.

## III.   CONCLUSION

The Court DENIES Defendant's motion for reduction of sentence (Docket # 55).

---

[2] Mr. Quirion moved under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on January 11, 2005, raising an ineffective assistance of counsel claim related to his counsel's alleged failure to adequately challenge the Court's application of the Career Offender enhancement. *See Quirion v. United States*, No. 05-6-B-W (Docket # 1). Magistrate Judge Kravchuk recommended that the motion be dismissed, and the Court affirmed the Recommended Decision on February 1, 2005. *Id.* (Docket #'s 2, 4). On February 14, 2005, the Court denied Mr. Quirion a certificate of appealability. *Id.* (Docket # 10). On September 21, 2005, the First Circuit similarly denied a certificate of appealability and terminated Mr. Quirion's appeal. *Id.* (Docket # 19).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2009